PAUL SHREWSBURY & others,[1] trustees,[2] *vs.* SEAPORT
PARTNERS LIMITED PARTNERSHIP & others.[3]

No. 04-P-541.

Norfolk. September 9, 2004. - April 15, 2005.

Present: CYPHER, GRASSO, & DOERFER, JJ.

*Lis Pendens. Practice, Civil,* Review of interlocutory action. *Statute,*
Construction. *Fraudulent Conveyance.*

This court concluded that a plaintiff whose motion for authorization to record
a memorandum of lis pendens had been denied after a hearing could peti-
tion for an interlocutory appeal from the denial of that motion under G. L.
c. 231, § 118, where nothing in G. L. c. 184, § 15(*d*), the portion of the lis
pendens statute relating to the granting or denial of such motions, could be
read to repeal or restrict the application of G. L. c. 231, § 118, first and
second pars., to its provisions. [274-276]

A Superior Court judge properly denied a motion for authorization to record a
memorandum of lis pendens pursuant to G. L. c. 184, § 15, brought by
trustees of a condominium trust against the partnership that owned the
property, where the substance of the trustees' complaint was for defects
and deficiencies in the structures that constituted the condominium
complex, and only those asserting a claim of some interest in the real
estate or some right to use and occupy it could avail themselves of the
statute. [276-277]

CIVIL ACTION commenced in the Superior Court Department on
March 25, 2004.

A motion for approval of a memorandum of lis pendens was
heard by *Charles J. Hely,* J.

A proceeding for interlocutory review was heard in the Ap-
peals Court by *Cohen,* J., and the matter was referred by her to
a panel of the court.

[1]Terrence Smith, Carol DeSouza, Katherine Kenney, and Daniel Dennis.

[2]Of the Seaport Condominium at Marina Bay Trust.

[3]Seaport Sawyer, Inc.; Seaport Condominium at Marina Bay, Inc.; MBR
Seaport, LLC; and Seaport Realty Holdings, LLC. We refer to the defendants
collectively as "defendants," or as individual entities when the discussion
requires.

*Andrew C. Oatway* for the plaintiffs.

*Daniel J. Murphy (Jennifer Chiasson* with him) for the defendants.

DOERFER, J. The trustees of the Seaport Condominium at Marina Bay Trust (trustees) appeal from a Superior Court interlocutory order[4] denying, after a hearing, their motion for authorization to record a memorandum of lis pendens on real estate once owned by defendant Seaport Partners Limited Partnership (partnership). The plaintiffs are trustees of a 125-unit condominium located at Marina Bay in North Quincy. Alleging serious defects and other deficiencies in the common elements of the condominium as delivered, the trustees brought suit against the partnership, which was the condominium's declarant and developer; Seaport Sawyer, Inc. (Sawyer), which is the general partner of the partnership; and Seaport Condominium at Marina Bay, Inc. (Marina Bay), which was formed by the individual principals of the partnership to act as initial trustee of the condominium.

In addition to alleging that the partnership failed to deliver the condominium units constructed in a good and workmanlike manner and code-compliant, and thereafter failed to cure the problems, the trustees also alleged that Marina Bay failed to ensure that the partnership repaired or remedied the defects. Besides bringing claims of negligence and breach of implied warranty against the partnership and Sawyer, and breach of fiduciary duty against the partnership, Sawyer, and Marina Bay, the trustees brought a claim of fraudulent transfer against the partnership and Sawyer. This latter claim alleged that on or about December 24, 2002, the partnership transferred title to eight individual units in the condominium to each of two separate entities controlled by Mitchell B. Robbins, a principal in both the partnership and Sawyer, for the purpose of defrauding creditors of the partnership. The trustees filed motions seeking prejudgment security, including a motion for real estate attachment, a motion for special attachment, and a motion for authorization to record a memorandum of lis pendens. A Superior Court judge denied all three motions. As for the at-

---

[4] A petition under G. L. c. 231, § 118, first par., was filed with the single justice of this court, who reported the matter to the full bench.

tachments, he noted that the trustees "have not shown that they are likely to prevail on the other elements of the cause of action set forth in *Berish* v. *Bornstein*, 437 Mass. 252, 265-[2]66 (2002). The plaintiffs have also not demonstrated a likelihood of success on their other related claims." The judge also ruled that the fraudulent transfer claim did not qualify as a claim to which the lis pendens statute applied. See G. L. c. 184, § 15.

Although we affirm the denial of the motion for approval of a memorandum of lis pendens, we must first deal with the additional argument of the partnership that the trustees' appeal is not properly before this court.

*Appeal of a denial of a motion for authorization to record a memorandum of lis pendens.* The trustees filed a petition for interlocutory relief pursuant to G. L. c. 231, § 118, first par. The relevant text of that statute states:

> "A party aggrieved by an interlocutory order of a trial court justice in the superior court department, the housing court department, the land court department or the probate and family court department may file, within thirty days of the entry of such order, a petition in the appropriate appellate court seeking relief from such order. A single justice of the appellate court may, in [her] discretion, grant the same relief as an appellate court is authorized to grant pending an appeal under section one hundred and seventeen."[5]

G. L. c. 231, § 118, as appearing in St. 1987, c. 208, § 1. This is a broad grant of jurisdiction, giving the single justice the discretion to grant relief in appropriate cases. See *Foreign Auto Import, Inc.* v. *Renault N.E., Inc.*, 367 Mass. 464, 468-469 (1975).

The core of the defendants' argument on this point is that another statute relating to the granting or denial of motions for approval of memoranda of lis pendens, G. L. c. 184, § 15(*d*),

---

[5]Chapter 231, § 117, gives an appellate court the right "by an order, on terms or otherwise, [to] suspend the execution or operation of the final judgment appealed from, pending the appeal, and [the court] may modify or annul any order made for the protection of the rights of the parties, pending the appeal." G. L. c. 231, § 117, inserted by St. 1973, c. 1114, § 202.

inserted by St. 2002, c. 496, § 2,[6] only addresses a right of a party against whom such a motion is denied ex parte to appeal under G. L. c. 231, § 118. Here, the motion was denied after a hearing. The defendants argue that the omission of language in this statute giving a right of interlocutory appeal to a plaintiff whose motion has been denied after hearing should be construed to limit the otherwise broad grant of authority under G. L. c. 231, § 118.

The general right to petition for an interlocutory appeal is established under G. L. c. 231, § 118. Although the quoted language in G. L. c. 184, § 15(d), mentions only one situation in which a party may appeal, we do not read the failure of the statute to mention other situations as a repeal of the express authority to petition for an interlocutory appeal under § 118. Nor do we think it is significant that an earlier version of § 15(d) made a broad reference to rights of appeal under G. L. c. 231, § 118.[7]

In general, a statute must be "interpreted according to the intent of the Legislature ascertained from all its words construed by the ordinary and approved usage of the language, considered

[6]Chapter 184, § 15(d), states as follows: "Any party aggrieved by a ruling under subsection (c) or by the denial of an ex parte motion for a memorandum of lis pendens, may appeal pursuant to the first or second paragraphs of section 118 of chapter 231. Thirty days after the entry of an order dissolving a memorandum of lis pendens, or of an order or judgment dismissing the claimant's action as provided hereinabove, the order or judgment shall become final unless the party seeking the memorandum has filed an appeal under this paragraph and records notice thereof within the 30 day period in the registry of deeds for the county or district in which the real property lies. Attested copies of orders, judgments and notices of appeal shall refer to the book and page of the recorded memorandum and shall be accepted for recording in the registry of deeds. The recording of an attested copy of the order or judgment or of the order of dissolution, in either case without a timely appeal therefrom being filed, or of a judgment dismissing the appeal, or the recording of a voluntary dismissal of the memorandum of lis pendens as provided in subsection (a), shall be conclusive evidence that the action or proceeding which was the subject of the memorandum of lis pendens does not affect the title to the real property or the use and occupation thereof or the buildings thereon." G. L. c. 184, § 15(d), as appearing in St. 2002, c. 496, § 2.

[7]As to all rulings pertaining to the authorization to record a lis pendens memorandum, the earlier version provided interlocutory relief to "any party aggrieved" under either or both paragraphs of G. L. c. 231, § 118. See *Sutherland* v. *Aolean Dev. Corp.*, 399 Mass. 36, 39-40 (1987) (discussing St. 1985, c. 809).

in connection with the cause of its enactment, the mischief or imperfection to be remedied and the main object to be accomplished, to the end that the purpose of its framers may be effectuated." *Boston* v. *Board of Educ.*, 392 Mass. 788, 792 (1984), quoting from *Commonwealth* v. *Collett*, 387 Mass. 424, 432 (1982). "[W]hen construing two or more statutes together, '[w]e are loath to find that a prior statute has been superseded in whole or in part in the absence of express words to that effect or of clear implication.' " *Commonwealth* v. *Katsirubis*, 45 Mass. App. Ct. 132, 135 (1998), quoting from *Dedham Water Co.* v. *Dedham*, 395 Mass. 510, 518 (1985). So long as the two statutes covering the same subject matter, when read together, are not repugnant to each other, and there is some rational basis for reconciliation of the two, then the presumption against implied repeal shall stand. *Boston Hous. Authy.* v. *Labor Relations Commn.*, 398 Mass. 715, 718 (1986).

We also rely upon the rule of statutory construction that espouses the liberal interpretation of statutes regulating appeals. Whenever doubt exists, forfeiture of appellate rights shall be avoided in favor of reaching a case on its merits. See 3A Singer, Sutherland Statutory Construction § 67:10, at 189-192 (6th ed. 2003).

Applying these principles to the case at hand, we conclude that nothing in the 2002 amendments to § 15(*d*) can be read to repeal or restrict the application of G. L. c. 231, § 118, first and second pars., to its provisions. Our reading, unlike that of the defendants, is in harmony with the spirit of the legislative purpose behind both the earlier lis pendens statute and its 2002 revisions.

*Fraudulent conveyance.* The substance of the complaint brought by the trustees against the partnership is for defects and deficiencies in the structures that constitute the condominium complex. A memorandum of lis pendens may only be recorded when it relates to a proceeding that "affects the title to real property or the use and occupation thereof," as that phrase is used in the first paragraph of the lis pendens statute, G. L. c. 184, § 15. See *Wolfe* v. *Gormally*, 440 Mass. 699, 703, 706-707 (2004) (holding that action to enforce common scheme of restrictive covenants affects title to real property even though

subject matter of action was not claim of right to title to real estate, as mentioned in G. L. c. 184, § 15, second par.). In order to take advantage of the lis pendens statute, a party "must be asserting in a judicial proceeding a claim on his own behalf of some interest in the real estate or some right to use and occupy it." *McCarthy* v. *Hurley*, 24 Mass. App. Ct. 533, 536 (1987).

Here, the only claim of the trustees is that they may have the right to require the party to whom the partnership conveyed some real estate to reconvey it back to the partnership in order to enable the trustees to satisfy a judgment they may obtain. The trustees did not succeed in obtaining an attachment against the real estate. They have not obtained any encumbrance on the property in question and are not in the position of enforcing an encumbrance. Cf. *Siegemund* v. *Building Commr. of Boston*, 263 Mass. 212, 214-215 (1928).

The appeal from the Superior Court order denying approval of the memorandum of lis pendens was properly before this court. In addition, the motion for approval of a memorandum of lis pendens was properly denied.

*So ordered.*